AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 2 0 2004

at____o'clock and ____min.____M
WALTER A.Y.H. CHINN, CLERK

# United States District Court
## District of Hawaii

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**DIONISIO CASTANEDA-BANUELOS**, aka<br>"Ray Ruiz-Lopez," | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:02CR00541-001**<br><br>Alan Warner, Esq.<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  pleaded guilty to count(s): 1 of the Indictment .
[ ]  pleaded nolo contendere to counts(s) ___ which was accepted by the court.
[ ]  was found guilty on count(s) ___ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. §841(a)(1) and 846, and 18 U.S.C. §2 | Attempted possession with intent to distribute in excess of 100 grams of heroin, a Schedule I controlled substance | 12/04/2002 | 1 |

   The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]  The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[ ]  Count(s) ___ (is)(are) dismissed on the motion of the United States.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

| | |
|---|---|
| Defendant's Soc. Sec. No.: **None** | February 17, 2004<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: **01/09/1978** | |
| Defendant's USM No.: **89985-022** | /s/ Susan Oki Mollway<br>Signature of Judicial Officer |
| Defendant's Residence Address:<br>**None** | |
| Defendant's Mailing Address:<br>**None** | **SUSAN OKI MOLLWAY**, United States District Judge<br>Name & Title of Judicial Officer |
| | FEB 2 0 2004<br>Date |

AO 245B (Rev. 8/96) Sheet 2 - Imprisonment

CASE NUMBER:         1:02CR00541-001
DEFENDANT:           DIONISIO CASTANEDA-BANUELOS, aka "Ray Ruiz-Lopez,"

Judgment - Page 2 of 6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 120 MONTHS .

This is a term of ONE HUNDRED TWENTY (120) MONTHS as to Count 1 of the Indictment, to run concurrently with Criminal No. 00-00245SOM-002.

[✔]   The court makes the following recommendations to the Bureau of Prisons:
      1) FCI Lompoc
      2) Educational Programs

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before _ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

CASE NUMBER:   1:02CR00541-001  Judgment - Page 3 of 6
DEFENDANT:   DIONISIO CASTANEDA-BANUELOS, aka "Ray Ruiz-Lopez,"

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE YEARS.

This is a term of FIVE (5) YEARS as to Count 1 of the Indictment, to run concurrently with Criminal No. 00-00245SOM-002.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[✔]   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check if applicable).

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

| | | |
|---|---|---|
| CASE NUMBER: | 1:02CR00541-001 | Judgment - Page 4 of 6 |
| DEFENDANT: | DIONISIO CASTANEDA-BANUELOS, aka "Ray Ruiz-Lopez," | |

## SPECIAL CONDITIONS OF SUPERVISION

1. That the defendant comply with the requirements of the Department of Homeland Security, including submitting to deportation proceedings and not reentering the U. S. without proper authorization.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:      1:02CR00541-001                                                    Judgment - Page 5 of 6
DEFENDANT:        DIONISIO CASTANEDA-BANUELOS, aka "Ray Ruiz-Lopez,"

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|            | Assessment | Fine | Restitution |
|------------|------------|------|-------------|
| Totals:    | $ 100.00   | $    | $           |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement .......... $_____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ __.

The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

[ ]   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [ ]   The interest requirement is waived.

    [ ]   The interest requirement is modified as follows:

# RESTITUTION

[ ]   The determination of restitution is deferred in a case brought under Chapters 109A, 100, 110A and 113A of Title 18 for offenses committed on or after 09/13/1994, until up to 60 days. An amended Judgment in a Criminal Case will be entered after such determination.

[ ]   The court modifies or waives interest on restitution as follows:

[ ]   The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order of percentage payment column below.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Pymnt |
|---------------|------------------------|-------------------------------|------------------------------|
|               | TOTALS:  $ ____        | $ ____                        |                              |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994.

AO 245 S (Rev. 3/95) Sheet 5, Part B - Criminal Monetary Penalties

CASE NUMBER:       1:02CR00541-001
DEFENDANT:         DIONISIO CASTANEDA-BANUELOS, aka "Ray Ruiz-Lopez,"

Judgment - Page 6 of 6

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [✔]  in full immediately; or

B  [ ]   $ _ immediately, balance due (in accordance with C, D, or E); or

C  [ ]   not later than _ ; or

D  [ ]   in installments to commence _ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ]   in _ (e.g. equal, weekly, monthly, quarterly) installments of $ _ over a period of _ year(s) to commence _ day(s) after the date of this judgment.

Special instructions regarding the payment of criminal monetary penalties:

[ ]  The defendant shall pay the cost of prosecution.

[ ]  The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments are to be made as directed by the court, the probation officer, or the United States Attorney.